[Civil No. 273. Filed September 3, 1890.]

[73 Pac. 443.]

LEMON & McCABE, Plaintiffs and Appellees, v. CHARLES WARD, Administrator of the Estate of A. A. Ward, Deceased, et al., Defendants and Appellants.

1. JURY TRIAL—RIGHT TO DEMAND IN LAW CASES—POWER OF LEGISLATURE TO FIX REASONABLE TIME FOR DEMAND.—The right to trial by jury in law cases is one sacredly to be observed. It is competent for the legislature to fix the time within which the demand shall be made, if it be a reasonable time.

2. SAME—DEMAND—WHEN MADE—REV. STATS. ARIZ. 1887, PAR. 757, CITED—APPEAL AND ERROR—RECORD—MUST SHOW ERROR CLEARLY —PRESUMPTION.—When a case has been dismissed on appellant's motion after his demand and deposit for a jury and is reinstated after some two months and a new demand and deposit for a jury trial is made just before trial it is not error for the trial court to refuse a jury, the second demand not having been made in apt time and the record not showing that the first demand and deposit continued in force up to the time of trial. It is incumbent on the appellant to make a clear case of error and if the record is obscure or ambiguous the presumption is in favor of the correctness of the ruling of the trial court.

3. APPEAL AND ERROR—STATEMENT OF FACTS—TIME FOR FILING—REV. STATS. ARIZ. 1887, PARS. 843, 845, CITED.—Where it appears that the statement of facts is filed after the term, and there is no order entered of record extending the time for filing, it will be stricken out on motion.

4. SAME—RECORD—BILL OF EXCEPTIONS—MOTION FOR NEW TRIAL—ASSIGNMENT OF ERROR—PUTNAM V. PUTNAM, ANTE, P. 182, 24 PAC. 323, CITED AND APPROVED.—Where it does not appear that a motion for a new trial was made part of the record by bill of exceptions

and the order of the trial court in overruling the motion for a new trial is not assigned as error this court cannot consider any error which would have been good cause for a new trial.

APPEAL from a judgment of the District Court of the Second Judicial District in and for the County of Maricopa. Affirmed.

The facts are stated in the opinion.

L. H. Chalmers, for Appellants.

P. S. Perley, for Appellees.

There appears no order of court entered of record during the term the case was tried authorizing the statement to be made up, signed, and filed in vacation. The statute of Texas and ours are exactly alike except the number of days given for filing the statement of facts. Where the statement of facts is not filed within term time the appellate court will disregard it when filed in vacation, unless there appears upon the record an order made by the court in term time allowing it so to be filed. *Ross* v. *McGowen,* 58 Tex. 603; *Trewitt* v. *Blendell,* 59 Tex. 253; *J. and P. Ry. Co.* v. *McAlister,* 59 Tex. 350; *Lockett* v. *Schurenbury,* 60 Tex. 610.

PER CURIAM.—In this case the appellees recovered judgment against the appellants in the sum of one hundred and fifty dollars, interest and costs. There are four errors assigned: 1. That the court erred in not allowing the defendants a trial by jury; 2. That the court erred in not admitting evidence excepted to at the time; 3. That the court erred in giving judgment for plaintiffs, the plaintiffs not having a preponderance of the evidence; and 4. That the court erred in not granting a continuance.

We will now consider the error first assigned,—viz., that the court erred in not allowing the defendants a trial by jury. The record discloses the facts that the defendants did demand a jury, and deposited the jury fee. But it also appears that after the demand for a jury, which was on November 11, 1887, the defendants moved the court, on the twenty-fourth day of January, 1888, to dismiss the suit of plaintiffs for want of

prosecution, and it was so dismissed; that at the next term, May 8, 1888, the cause was reinstated and continued for the term; that the second term after the demand and deposit the case was set down for trial March 4, 1889. The cause came on for trial the next day, March 5, 1889, at which time by the record, "L. H. Chalmers deposited $24, jury fees, and called for a jury, which was refused by the court, and the defendant excepted." The right of trial by jury in law cases is one sacredly to be observed. But it is competent for the legislature to fix the time within which this demand shall be made, if it be a reasonable time. When the docket is called, is the time fixed by the statute (Rev. Stats. Ariz. 1887, par. 757) for the litigant to make his demand. This last demand and deposit was not made at the time so fixed by law, and appellants do not so claim, but do claim that the first demand and deposit continued in force up to the time of trial and this is the question we are to consider. It is claimed by appellees that the demand and deposit was only good for the term when made. This we need not decide. After the demand and deposits defendants below, on their own motion, had the cause dismissed for want of prosecution. The demand was on November 11, 1887. The cause was dismissed January 28, 1888. At the next term, on May 8, 1888, it was reinstated—the second term after the demand and deposit. On February 19, 1889, the cause was set down for trial on March 4, 1889. Before going into trial, as above set forth, defendants demanded a jury, and deposited the fee. Now, does it appear from these facts that the defendants were within the requirements of the statute? If the case had continued without interruption from time of demand to time of trial, and the appellants had then insisted on their right to a jury trial by reason of their first demand, the record would present a different question, in our opinion, from the one now presented. True, the record does not expressly say that the money on deposit for jury fee had been withdrawn, nor the demand; nor does the record expressly show that the demand and deposit continued. On this point it would be more satisfactory if the record was more explicit. It is incumbent on the appellant to make the record show a clear case of error on the part of the trial court, and, if the record brought up

from below is obscure or ambiguous, the presumptions indulged in favor of a correct ruling by the court below are apt to decide the case against the appellant. This record shows that the cause of plaintiffs was dismissed, on motion of appellants, on January 28th, and only reinstated on May 8th following. For more than two months the cause stood dismissed. Is it likely that the deposit fee remained on deposit during these two months? Why should it, if the case was dismissed? If withdrawn the withdrawal was also a withdrawal of the demand, for the two go together. Again, before going into trial, the defendants (appellants), apparently not relying on their first demand and deposit, made a new demand and deposit, not insisting or claiming a right to a jury on the demand and deposit first made. The fact that defendants (appellants) did deposit the jury fee just before the trial, we think, is inconsistent with the idea that there was already a jury fee on deposit. If the jury fee had been withdrawn when the suit was dismissed, it should have been restored when the suit was reinstated. We think it apparent from the transcript that the court did not err in refusing the trial by jury; the demand for the same not appearing by the record to have been made and in force at the time of the trial, in compliance with the law.

We have considered this question without regard to the question raised by the motion to strike out the statement of facts. We have done so partly that the statute may have a construction known to the bar, to serve as a guide whenever the question may come up in the practice. It is more pleasant to decide a case on its merits than on a question arising on the transcript. But we cannot disregard the requirements of the statute, made to be observed in cases presented to this court. We are fully aware that the statute is new and not entirely clear, and for that reason we are inclined to consider the merits, unless our attention is called to a material defect in the record.

The appellees move the court to strike out the statement of facts for the reason that the record shows the same was not filed during the term of court, nor any order made of record for filing thereafter. The case was tried below on the eighth day of March, 1889. The term ended May 6, 1889.

The statement of facts was filed May 8, 1889.  There is no order of record authorizing the statement to be filed after the close of the term.  The statute is quite clear that the statement of facts must be made up and filed during the term, or an order must be entered of record extending the time, and then not more than thirty days beyond the term, (Rev. Stats. Ariz. 1887, pars. 843, 845.)  The Texas statute is identical with our own, except ten days after the term is the extension in that state, and thirty days the limit in this territory.  In that state it has been held that, if the statement was not filed in the time fixed by the statute, it would, on motion, be stricken from the record, and that no certificate of the judge or agreement of the parties as to the facts would operate to avoid the statute.  *McGuire* v. *Newbill,* 58 Tex. 314; *Ross* v. *McGowen,* 58 Tex. 603; *Trewitt* v. *Blundell,* 59 Tex. 253; *Lockett* v. *Schurenberg,* 60 Tex. 610.  The California cases cited by appellants do not cover the case, in our opinion.  Again, it does not appear by the record that a motion for a new trial was made part of the record by bill of exceptions.  In *Putnam* v. *Putnam* (recently decided by this court), *ante,* p. 182, 24 Pac. 323, it is said: "This court cannot consider any error which would be good cause for new trial, unless a motion for a new trial on that ground had been made to the court below, and the motion had been overruled, and the ruling excepted to, and the motion embodied in a bill of exceptions, and the ruling assigned as error by a proper assignment."  In this case the motion for a new trial is not in the record by a bill of exception, as the law requires, nor is there assigned as error the order of the court overruling the motion for a new trial.  But if the statement of facts remained in the record, to be considered by this court, and the record was properly before us, we would still hold that the errors assigned could not be sustained in this court on the face of the entire record.

Judgment below is affirmed.