[Civil No. 425.   Filed May 13, 1895.]

[40 Pac. 313.]

COUNTY OF MARICOPA, Defendant and Appellant, v. NERI OSBORN, Plaintiff and Appellee.

1. APPEAL AND ERROR—COUNTY—APPEAL-BOND.—A county, as a political subdivision of the territory, does not have to file an appeal-bond to maintain an appeal.

2. SAME—BILL OF EXCEPTIONS—NECESSITY FOR—MOTION FOR NEW TRIAL —PUTNAM v. PUTNAM, 3 ARIZ. 182, 24 PAC. 320; TIETJEN v. SNEAD, 3 ARIZ. 195, 24 PAC. 324; WOLFLEY v. GILA R. I. CO., 3 ARIZ. 176, 24 PAC. 257, FOLLOWED.—Where the motion for a new trial is not embodied in the bill of exceptions the points therein contained cannot be considered. Cases, *supra,* followed.

3. OFFICE AND OFFICERS — COUNTY RECORDER — FEES — RECORDING TAX-DEEDS—COUNTY CHARGE—REV. STATS. ARIZ. 1887, PAR. 2703, CITED —PAYMENT HOW PROVIDED—REV. STATS. ARIZ. 1887, PARS. 2709, 2710, CITED.—A county recorder cannot recover fees from the county for services in filing and recording tax-deed and tax-certificates. Par. 2703, *supra,* providing for the recording without charge to the county. The payment of the fees of the recorder is provided for out of money collected for taxes by paragraphs 2709 and 2710, *supra.*

4. Statutes—Passage—Requisites—Act of April 2, 1889.—The act. *supra,* never became a law, for the reason it was not signed by the governor; nor was it returned to the legislative assembly with his objections and passed over his veto; nor did it remain in his hands ten days during the existence of the legislature.

5. Legislatures—Sessions—Sixty Days—Rev. Stats. U. S., Sec. 1852, Construed—Power to Approve and Pass Bills Thereafter—Cheyney v. Smith, 3 Ariz. 143, 23 Pac. 680, Expressly Overruled.—Territorial legislatures are limited to sixty days' duration. Sec. 1852, *supra,* construed. Neither the governor nor legislature has any power to approve or pass bills thereafter. *Cheyney* v. *Smith,* *supra,* expressly overruled.

APPEAL from a judgment of the District Court of the Third Judicial District in and for the County of Maricopa. R. E. Sloan, Judge. Reversed.

The facts are stated in the opinion.

Millay & Bennett, for Appellant.

No bond on appeal is required to be given by a county in any case, for the reason that counties are integral portions of the territory and partake of all its privileges and immunities, and its government is a portion of the territorial government, and it is therefore exempted from the necessity of giving bond by the provisions of section 866 of the Revised Statutes, which provides that "The territory of Arizona shall not be required to give a bond on appeal or writ of error taken by it in any civil case."

"They [counties] are merely parts of the state government and partake of the state's immunity from liability." *Gilman* v. *County of Contra Costa,* 8 Cal. 52, 68 Am. Dec. 291.

They are local subdivisions of a state, created by the sovereign power of the state, of its own sovereign will, without the particular solicitation, consent, or concurrent action of the people who inhabit them." *Hamilton County* v. *Mighels,* 7 Ohio St. 109; *Fry* v. *County of Albemarle,* 86 Va. 195, 19 Am. St. Rep. 879, 9 S. E. 1004.

"A county government is a portion of the state government, . . . and when there is no remedy against the state there may be none against the county." *Hunsaker* v. *Borden,* 5 Cal. 290.

"The fact that a county has certain rights recognized in

law as its own does not sever it as a body from the state, and only distinguishes it in the state and as a part of it. . . . The institution of local subdivisions is merely a means of government, and counties and their officers are but parts of the machinery that constitute the public system." *Commonwealth* v. *Brice*, 22 Pa. St. 211, 60 Am. Dec. 79.

A general appearance in the appellate court and filing of briefs upon the merits confers jurisdiction, and is a waiver of the defect in the appeal by reason of lack of an appeal-bond, where such bond is required. *Dillingham* v. *Skein*, Hemp. 181; *Wenona Paper Co.* v. *First National Bank*, 33 Ill. App. 630.

There is no statute authorizing the county to pay the county recorder for recording tax-deeds. The act of 1889 entitled "An act to amend paragraph 2710 of the Revised Statutes" (one of the "Lost Laws") never became a law for the reason that it was not signed by the governor or returned to the legislature with his objections, nor did it remain in his hands ten days during the legal existence of the legislature. *Trammel* v. *Bradley*, 37 Ark. 374; *Treadway* v. *Schnauber*, 1 Dak. 249; *Territory ex rel. Haller* v. *Clayton*, 5 Utah. 598, 18 Pac. 628; *Territory* v. *Scott*, 3 Dak. 357, 20 N. W. 401; *Stephenson* v. *Moody*, 2 Idaho, 260, 12 Pac. 902; *State* v. *Arrington*, 18 Nev. 412, 4 Pac. 735; *Bank* v. *County of Yankton*, 101 U. S. 29; *Miners' Bank* v. *State of Iowa*, 12 How. 1.

Fitch & Campbell, for Appellee.

See brief of appellee in case of *Maricopa County* v. *Rosson*, *post*, p. 335.

HAWKINS, J.—Action by appellee to recover $1,818.55 for services as county recorder in filing and recording certain tax-certificates and tax-deeds to lands that had been struck off to the territory for delinquent territorial and county taxes. Judgment was recovered for $809.65 against appellant. Appellee moved to dismiss the appeal, for the reason the appellant filed no appeal-bond, as required by the statute. The statute does not say in direct terms that a county may appeal without giving bond to appellee. It does say that the territory may do so. Rev. Stats., par 866. A county is a political subdivision of the territory, and may sue and be sued. It does

not have to file an appeal-bond in order to maintain its appeal. The motion to dismiss is denied.

Appellee also raised the question that the motion for new trial was not embodied in a bill of exceptions, and the points therein contained cannot therefore be considered in this court. We think this point well taken, and we cannot consider any question in the case not apparent upon the face of the record. Upon this point this court has repeatedly so held. *Putnam* v. *Putnam*, 3 Ariz. 182, 24 Pac. 320; *Snead* v. *Tietjen*, 3 Ariz. 195, 24 Pac. 325; *Gila R. I. Co.* v. *Wolfley*, 3 Ariz. 176, 24 Pac. 257.

The only question for us to consider in this case is, Does the complaint state facts sufficient to constitute a cause of action? It does not. The county is not interested in the deeds and certificates filed and recorded by the appellee. They were made by the tax-collector under the law to the territory. It then became the duty of the county recorder (Rev. Stats., par. 2703) to record the deeds to the territory without charge to the county. Paragraph 2710 of the Revised Statutes provides the mode by which the county collector and the county recorder get their fees for the class of services sued on in the action at bar. There is no other. The board of supervisors (under paragraph 2709 of the Revised Statutes) become the agents of the territory in the disposition of all real estate held by the territory under the tax-deed for the collection of the total taxes, penalties, and costs, including the unpaid charges of the collector and recorder. When so collected by said board, the money is all paid by them to the county treasurer, and he (the county treasurer) first pays therefrom what is due the county collector and the county recorder, and distributes and credits the balance to the funds entitled thereto. It is readily seen that under no circumstances can the county be held for such fees of the collector and recorder.

Appellee in his complaint, however, claims that his fees became a county charge under paragraph 2710 of the Revised Statutes "as amended by the act of April 2, 1889." This act never became a law, for the reason that it was not signed by the governor; nor was it returned to the legislative assembly with his objections and passed over his veto; nor did it remain in his hands ten days during the existence of the legislature. The fifteenth legislative assembly of Arizona con-

vened on the twenty-first day of January, 1889. The sixty days' duration allotted it by Congress expired long before this act purports to take effect. Territorial legislatures are limited to sixty days' duration. Rev. Stats. U. S., sec. 1852. Neither the governor nor the legislature has any power to approve or pass bills thereafter. *Territory* v. *Clayton,* 5 Utah, 598, 18 Pac. 628. It is hardly necessary to cite authorities on this question. The mere reading of the act of Congress solves the same.

The judgment is reversed, with directions to the court below to sustain the demurrer to the complaint. The case of *Cheney* v. *Smith,* 3 Ariz. 143, 23 Pac. 680, is expressly overruled.

Baker, C. J., having been of counsel for appellee in the court below, took no part in the cause in this court.

Bethune, J., and Rouse, J., concur.