[Civil No. 426.   Filed May 13, 1895.]

[40 Pac. 314.]

## COUNTY OF MARICOPA, Defendant and Appellant, v. R. L. ROSSON, Plaintiff and Appellee.

1. APPEAL AND ERROR—COUNTY—APPEAL-BOND.—Counties may appeal without filing appeal-bond.

2. SAME — BILL OF EXCEPTIONS — NECESSITY FOR — MOTION FOR NEW TRIAL.—Where a motion for a new trial is not embodied in a bill of exceptions this court can only consider errors upon the face of the record.

3. SAME—ERROR APPARENT ON THE FACE OF RECORD—JUDGMENT OVERRULING DEMURRER.—A judgment overruling a demurrer is a part of the record, and does not have to be excepted to or embodied in a bill of exceptions before it can be reviewed.

4. OFFICE AND OFFICERS — COUNTY TAX-COLLECTOR — FEES — EXECUTING TAX CERTIFICATES — ACKNOWLEDGMENTS — COUNTY CHARGE—STATUTORY FEES—REVENUE ACT.—A tax-collector cannot maintain an action against the county for fees for executing tax-certificates to the territory, nor for money paid for acknowledgments to tax-deeds to the territory. He accepts his office with the law as writ-

ten in the statutes, and can get such fees only by the mode set out
in the Revenue Act.

APPEAL from a judgment of the District Court of the
Third Judicial District in and for the County of Maricopa.
R. E. Sloan, Judge. Reversed.

The facts are stated in the opinion.

Millay & Bennett, for Appellant.

See brief in *Maricopa County* v. *Osborn, ante,* p. 331.

Fitch & Campbell, for Appellee.

When a litigant is defeated in the lower court, the errors
complained of by him, or the insufficiency of the evidence to
sustain the judgment, cannot be considered in the appellate
tribunal, unless a motion for a new trial is made below, and
the court's attention called to the aforesaid errors and want of
evidence for the purpose of allowing that court to correct
itself.

The mere fact of making such motion in the lower court is
not sufficient. It must be preserved in a bill of exceptions for
review in the appellate court.

If the motion is not before the court in a proper manner,
any error of law in the admission or rejection of evidence at
the trial or insufficiency of the evidence to sustain the judg-
ment at the trial cannot be considered.

The only way in which a motion for a new trial can be
brought before this court for consideration is by way of a
bill of exceptions. *Putnam* v. *Putnam,* 3 Ariz. 182, 24 Pac.
320; *Tietjen* v. *Snead,* 3 Ariz. 195, 24 Pac. 325; *Wolfley* v.
*Gila River I. Co.,* 3 Ariz. 176, 24 Pac. 257; *Koons* v. *Phœnix
M. Co.,* 3 Ariz. 204, 32 Pac. 266; *Smith* v. *McDonald,* 3 Ind.
App. 49, 28 N. E. 994; *Springfield F. and M. Co.* v. *Newman,*
31 Ill. App. 393; *Perkins* v. *Barkow,* 39 Mo. App. 331; *Gong*
v. *Robinson,* 31 Ill. App. 511; *Fuller* v. *Robinson,* 36 Mo.
App. 105.

HAWKINS, J.—Action to recover fees claimed by appellee
for executing certain tax-certificates to the territory, and for
money paid for acknowledgment to certain tax-deeds to the
territory. The court below rendered judgment for appellee

for $292, being one dollar each for tax-certificates issued to the territory. We find practically the same kind of a record and about the same questions involved as in *Maricopa County v. Osborn, ante,* p. 331, 40 Pac. 313.

Counties may appeal without filing appeal-bond; hence the motion to dismiss the appeal is denied.

The motion for new trial not being here in a bill of exceptions, we can only consider errors upon the face of the record. The judgment overruling the demurrer is a part of the record, and does not have to be excepted to or embodied in a bill of exceptions before it can be reviewed here. *Hamlin v. Reynolds,* 22 Ill. 207. We have just decided in *Maricopa County* v. *Osborn* that a county recorder has no cause of action against the county for filing and recording tax-certificates and tax-deeds to the territory. He accepts his office with the law as written in the statutes, and can get such fees only by the mode set out in the revenue act. The tax-collector is in the same category. He has stated no cause of action in his complaint against the county.

The judgment is reversed and cause remanded, with directions to the court below to sustain the demurrer to the complaint.

Bethune J., and Rouse, J., concur.

Baker, C. J., took no part in this case, having been of counsel in the court below.