[Civil No. 938.  Filed March 31, 1906.]

[85 Pac. 1070.]

## THOMAS J. TURNER, and THE UNITED STATES FIDELITY AND GUARANTY COMPANY, a Corporation, Plaintiffs in Error, v. O. K. FRANKLIN, Defendant in Error.

1. APPEAL AND ERROR—WRIT OF ERROR—CO-PLAINTIFFS IN ERROR—BOND—FILING—JURISDICTIONAL.—Where in an action against a sheriff and his surety, judgment was rendered against both, and petition for a writ of error was filed for plaintiffs in error but the bond was given only on behalf of the surety, the supreme court acquired no jurisdiction to determine any question relative to the rights or interests of the sheriff.

2. SAME—FINDINGS—SUFFICIENCY OF EVIDENCE—MOTION FOR NEW TRIAL—NECESSITY FOR—REVIEW—SCOPE.—The insufficiency of the evidence to sustain the findings is a good ground for a new trial and no judgment will be reversed on the ground that it is not supported by the evidence unless a motion for a new trial has been made and overruled in the court where such judgment was rendered, and the overruling excepted to and assigned as error.

3. PRINCIPAL AND SURETY—SURETY COMPANIES—PROCESS—REV. STATS. ARIZ. 1901, PARS. 414, 1323, CONSTRUED.—Under· paragraph 1323, *supra,* authorizing service generally on a corporation by serving its president, secretary, treasurer, or director or local agent representing the company in the county in which the suit is brought, and paragraph 414, *supra,* making the appointment of a citizen ag| on whom process may be served a condition precedent to a sur| company's right to do business within the territory and providi| that a judgment, decree, or order of court entered or made aft| service of process on such agent shall be as valid and binding | | if served with process in the county where the suit is brought; where a defendant surety company had appointed a statutory agent, a return showing service made by delivering a true copy of summons and complaint to such agent was sufficient to give the court jurisdiction over the surety company, though the return did not show the class or kind of agent upon whom the process was served.

ERROR to the District Court of the Second Judicial District in and for the County of Santa Cruz. Eugene A. Tucker, Judge. From a judgment in favor of plaintiff, defendants bring error. Affirmed.

The facts are stated in the opinion.

Thomas Armstrong, Jr., for Plaintiff in Error.

There was not a sufficient service upon the Surety Company under paragraph 414 of the Revised Statutes of 1901, and the court acquired no jurisdiction over it. *City Council of Alexandria* v. *Fairfax*, 95 U. S. 774, 24 L. Ed. 583; *Southern Bldg. & Loan Assoc.* v. *Hallum*, 59 Ark. 583, 28 S. W. 420; *City of Watertown* v. *Robinson*, 69 Wis. 230-233, 34 N. W. 139; *Continental Ins. Co.* v. *Mansfield*, 45 Miss. 311; *Gamasche* v. *Smythe*, 60 Mo. App. 161; *Lonkey* v. *Keyes Silver M. Co.*, 21 Nev. 312, 17 L. R. A. 351, 31 Pac. 57. And the judgment should be reversed for want of service under the ruling in *National Metals Co.* v. *Greene Con. Copper Co.*, 9 Ariz. 192, 80 Pac. 397-399.

Selim M. Franklin, and S. L. Kingan, for Defendant in Error.

The appearance of defendant surety company for the purpose of urging a motion for a new trial and of excepting to the ruling denying the same, was a general appearance and an admission of the jurisdiction of the court, and a waiver of any defect in the summons, its service, or return. Defendant cannot, on the one hand, appear to ask for a new trial, and on the other hand, when the new trial is denied, appeal on the ground that it had not submitted itself to the jurisdiction of the court. *Mayer* v. *Mayer*, 27 Or. 133, 39 Pac. 1002; *Burdette* v. *Corgan*, 26 Kan. 104; *Kaw Valley L. Assoc.* v. *Lemke*, 40 Kan. 142, 19 Pac. 337; *Gilbert-Arnold L. Co.* v. *O'Hare*, 93 Wis. 194, 67 N. W. 38; *Alderson* v. *White*, 32 Wis. 308; *Kingsley* v. *Great Northern Ry. Co.*, 91 Wis. 380, 64 N. W. 1036; *Herndon* v. *Crawford*, 41 Tex. 267; *Belknap* v. *Charlton*, 25 Or. 41, 34 Pac. 758; 5 Cyc. 504, 509; 2 Ency. of Plead. & Prac., p. 597; *Teagarden* v. *Board of Commerce*, 49 Kan. 146, 30 Pac. 171; Rev. Stats. 1901, par. 1340.

Under paragraph 414, title 8, of the Revised Statutes of 1901, the service upon J. J. Sweeney, as agent of the surety company, and the return thereon, was good, under the ruling in the following cases: *National Metal Co.* v. *Greene Cons. Copper Co.*, 9 Ariz. 192, 80 Pac. 397; *St. Clair* v. *Cox*, 106 U. S. 350, 1 Sup. Ct. 354, 27 L. Ed. 222; *Henning* v. *Planters Ins. Co.*, 28 Fed. 440; 18 Ency. of Plead. & Prac., p. 927, and

authorities there cited; *Hagerman* v. *Empire State Co.*, 97 Pa. St. 534; *Fulton* v. *Commercial Trav. Mut. Assoc.*, 172 Pa. St. 117, 33 Atl. 324; *Davis* v. *Jacksonville S. Line*, 126 Mo. 69, 28 S. W. 965; *Keener* v. *Eagle Lake etc. Co.*, 110 Cal. 627, 43 Pac. 14; *Talbot* v. *Minneapolis etc. R. Co.*, 82 Mich. 66, 45 N. W. 1113.

DOAN, J.—This cause is brought to this court on a writ of error from the district court of Santa Cruz County by the plaintiffs in error, who were the defendants in that court. An action was brought by the defendant in error, O. K. Franklin, against the plaintiffs in error, Thomas J. Turner, as sheriff of Santa Cruz County, and The United States Fidelity and Guaranty Company, as surety on his official bond, to recover damages for the alleged loss sustained through the negligence of the deputy of the defendant sheriff in failing to properly levy a writ of attachment in a suit by the said Franklin against one John Dessart. Personal service of summons and complaint was had on Sheriff Turner, who appeared and answered. The summons for the guaranty company was served on J. J. Sweeney, its agent, and the sufficiency of the officer's return of that service is contested by the plaintiff in error. The guaranty company made no appearance, and judgment was taken against it by default.

It appeared upon the trial that the writ of attachment in Franklin's action against Dessart was duly issued on the thirteenth day of January, 1904, and was delivered by the clerk of the court to Franklin's attorney, who delivered the same to the sheriff's clerk, together with a copy of the said writ for filing in the recorder's office, and the directions as to the particular property upon which the plaintiff, Franklin, desired to have it levied, and was by the sheriff's clerk delivered to a deputy sheriff for levy. The writ was returned on the following day, January 14th, with the proper return of service indorsed thereon; but the copy of the writ that is required by our statute to be filed in the recorder's office, with a copy of the sheriff's return indorsed thereon, in order to constitute a valid levy, was found to have been filed in the recorder's office on the 14th of January without any copy of the sheriff's return of service indorsed thereon, but with a memorandum attached thereto giving simply the number of

the lot and block of the real estate on which the levy was attempted, without any designation of the town or county wherein located. On the 15th of January, 1905, Dessart conveyed the property to a purchaser for value, and upon the trial of Franklin's case, judgment was rendered against Dessart, but the attempted levy of the attachment was found to be so defective as to create no lien on the real estate. Dessart, it appears, after the transfer of the property was insolvent, and has remained so until this time, and the plaintiff, Franklin, has failed thus far to recover anything by virtue of the judgment. Upon the trial of the cause against the plaintiff in error, the court rendered judgment on April 19, 1905, against the defendants for the full amount demanded,—to wit, four thousand dollars,—with interest and costs, making a total of $4,455.65. A motion for a new trial was presented by the defendant Turner on April 22, 1905, and denied, but no appearance was entered for the guaranty company, and the motion for a new trial was made only on behalf of the defendant Turner. Notice of appeal was given by the defendant Turner on April 22, 1905, upon the denial of the motion for a new trial, but no appeal was perfected. On the 20th of June a petition for a writ of error was filed by counsel for plaintiffs in error. Summons was issued thereon, and on the twenty-sixth day of June a *supersedeas* and cost-bond was filed in the case by the guaranty company, conditioned upon the said guaranty company prosecuting its said writ of error with effect, and performing any judgment and paying any costs that might be awarded against it, together with the accruing costs, but no bond was filed by Turner or by any one on his behalf. By reason of there being no bond filed by Turner or on his behalf, this court does not obtain any jurisdiction over him or his interests in the case. The determination of this question will therefore be had relative to the rights and interests of the guaranty company alone.

The first assignment of error is based upon the overruling of the defendant Turner's general demurrer to the complaint. The next four assignments are based upon the insufficiency of the testimony to sustain the findings of the lower court. The insufficiency of the evidence to sustain the findings is a good ground for a new trial, and it has been in-

.variably held by this court that no judgment will be reversed on the ground that it is not supported by the evidence unless a motion for a new trial had been made and overruled in the court where such judgment was rendered, and the overruling of such motion excepted to there and assigned here as error. This is only a reiteration of the general rule that a party will not be heard in an appellate court until he has exhausted his remedies in the lower court. *Putman* v. *Putman,* 3 Ariz. 182, 24 Pac. 320; *Greer* v. *Richards,* 3 Ariz. 227, 32 Pac. 266; *Tietjen* v. *Snead,* 3 Ariz. 195, 24 Pac. 324; *Lemon* v. *Ward,* 3 Ariz. 219, 73 Pac. 443; *County of Maricopa* v. *Osborn,* 4 Ariz. 331, 40 Pac. 313.

The last assignment of error alleged that "the court erred in rendering judgment against the defendant The United States Fidelity and Guaranty Company at all, for the reason that there was no sufficient service of summons on said defendant, and no return of sufficient service to give the court jurisdiction." Upon examination we find the complaint sufficient to sustain the judgment. The general provisions for the service of process upon corporations in paragraph 1323 of the Revised Statutes of 1901 are as follows: "In suits against any incorporated company or joint-stock association, the summons may be served on the president, secretary, or treasurer, or any director of such company or association or upon the local agent representing such company or association in the county in which suit is brought. . . ." In its petition for writ of error, the guaranty company alleges that it "is a surety company authorized to become surety on bonds in the territory of Arizona, but incorporated under the laws of the state of Maryland, having its principal place of business in Baltimore in said state of Maryland, but also having a duly authorized and appointed statutory agent, —to wit, J. J. Sweeney,—who resides at Phœnix, in the county of Maricopa and territory of Arizona." While our provisions for service upon corporations in general are as above cited, we have a special statute for surety or guaranty companies, being title 8 of the Revised Statutes of Arizona of 1901, and the plaintiff in error was doing business in Arizona under the provisions of this title at all times herein named. Paragraph 414, being section 2 of said title 8, provides: "That no company shall do business under the pro-

visions of this act until it shall, by a written power of attorney, appoint some person residing within the territory of Arizona, who shall be a citizen of said territory as its agent, upon whom may be served all lawful processes against such company, and who shall be authorized to enter an appearance in its behalf. . . . A judgment, decree, or order of court entered or made after service of process as aforesaid, shall be as valid and binding as if served with process in the county where suit is brought." We find on the summons in this case the return of the sheriff who served the same in these words: "I hereby certify that I received the within summons on the 22d day of August, A. D. 1904, at the hour of 11:50 A. M., and personally served the same on the 22d day of August, A. D. 1904, on The United States Fidelity and Guaranty Company by delivering to John J. Sweeney, agent of said United States Fidelity and Guaranty Company, a corporation, at the city of Phœnix, county of Maricopa, Arizona, a copy of said summons, to which was attached a true copy of the complaint mentioned in said summons. Dated this 22d day of August, A. D. 1904. W. W. COOK, Sheriff, by O. B. ROBERTS, Deputy Sheriff." The special provisions of title 8, applying to surety and guaranty companies, are sufficient for the determination of this question, and we are satisfied that, regardless of whether there is a necessity for the return of service designating the class or kind of agent on whom process has been served, under the provisions of paragraph 1323 in the case of other corporations generally, the service in the case now under consideration having been made upon the agent of a surety company, which is required to have but one agent in the territory for the service of such process, the return of service made by the sheriff, now under consideration, fully complied with the requirements of paragraph 414, in accordance with the provisions of which such service was made, and was sufficient to vest in the court jurisdiction over the defendant company.

No error appearing in the record, the judgment of the lower court is affirmed.

KENT, C. J., SLOAN, J., and CAMPBELL, J., concur.