[Civil No. 1280. Filed June 6, 1913.]

[132 Pac. 1137.]

W. THOMAS, Appellant, v. JOHN M. SPEESE, Appellee.

1. APPEAL AND ERROR—NOTICE OF APPEAL—DISMISSAL.—Under Civil Code of 1901, paragraph 1496, as amended Laws of 1912, chapter 21, providing that in all civil cases other than those where the appellant is not required to give bond on appeal the appeal is taken by giving notice of appeal, and within twenty days after such notice by filing an appeal bond, the notice of appeal is jurisdictional, and, where the record fails to show such notice, the appeal will be dismissed.

2. APPEAL AND ERROR—FILING APPEAL BOND.—Where a bond on appeal is required, the filing of such bond is jurisdictional.

APPEAL from a judgment of the Superior Court of the County of Yuma.  Frank Baxter, Judge.  Appeal dismissed.

The facts are stated in the opinion.

Messrs. Wupperman & Wupperman, for Appellant.

Mr. Peter T. Robertson, for Appellee.

FRANKLIN, C. J.—In all civil cases other than those where the appellant is not required to give bond on appeal the appeal is taken by the appellant giving notice of appeal in open court, which shall be noted on the docket and entered of record and within twenty days after giving such notice by filing with the clerk of the court an appeal bond.  Par. 1496, Rev. Stats. Ariz. 1901, as amended, chapter 21, First Legislature, First Session 1912.  Giving the notice of appeal, and in cases where a bond on appeal is required filing the appeal bond, are jurisdictional.  In this case the bond on appeal was filed, but the record fails to show that appellant gave the statutory notice of appeal.  This is fatal, and this court has no jurisdiction of the case but to dismiss the appeal.

It may not be inappropriate to state that the manner of presenting the record to this court for review does not meet the requirements of the law and the rules of this court.  The assignments of error are too general and indefinite to be considered; the appellant has prepared no abstract of the record, and in other particulars the manner of presenting the merits of the case for review are exceedingly informal.

Attorneys who practice in this court must familiarize themselves with the statutory provisions and rules governing appeals and substantially comply with the appellate procedure. This should be done to the end that this court may be enabled to properly consider the merits of the cases presented, and also in justice to their clients who intrust to them their rights in this respect.

Appeal dismissed.

CUNNINGHAM and ROSS, JJ., concur.