[Civil No. 1437.   Filed May 4, 1915.]

[148 Pac. 286.]

## TOWN OF YUMA, Appellant, v. WALTER M. WINN, Appellee.

APPEAL AND ERROR—APPEAL BOND—PARTIES REQUIRED TO GIVE BOND.—
  Under Civil Code of 1913, paragraph 1236, providing that the party
  appealing shall file an appeal bond or undertaking, paragraph 1249,
  providing that no bond shall be required upon an appeal by the state
  or any county thereof, or by the corporation commission, tax com-
  mission or any other state board or commission, or by any state or
  county officer in his official capacity, and paragraph 1250, providing
  that executors, administrators, guardians, or trustees in bankruptcy
  need not give a bond on appeal, a town is not excepted in terms nor
  by implication, from the general rule that all parties appealing shall
  give a bond, and the exemptions, being in derogation of the general
  rule, may not be extended to include cases not within the terms
  thereof.

APPEAL from a judgment of the Superior Court of the County of Yuma.   Frank Baxter, Judge.   On motion to dismiss appeal.   Motion granted.

Messrs. Timmons & Harris, for Appellant.

Mr. Thos. D. Molloy and Mr. Fred L. Ingraham, for Appellee.

ROSS, C. J.—The appellant has given no bond on appeal as provided by paragraph 1236 of the Civil Code of 1913, nor has it been waived as provided by paragraph 1255, Id.

The appellee has filed his motion to dismiss the appeal, and it would seem the motion must be granted.   The appellant apparently does not resist the motion, as it has given no reason why it should not be sustained, although it has been pending since December 15, 1914.   However, we presume that it supports or justifies its position by virtue of paragraph 1249, Id., which reads:

"No bond shall be required upon any appeal taken by the state of Arizona, or any county thereof, or by the corporation commission, tax commission, or any other state board or

commission, or by any state or county officer in his official capacity."

The general rule prescribed by law is that all parties appealing to the supreme court shall be required to execute an appeal bond. The exceptions to the general rule are contained in paragraphs 1249, *supra,* and 1250, Id. The appellant does not, in terms nor by implication, fall within the exceptions. This is a condition arising through legislative omission, which we cannot supply by construction. The rule is that exemptions, such as contained in paragraphs 1249 and 1250, *supra,* being in derogation of the general law, may not be extended to include cases not within the terms of the exemptions. *Mitchell* v. *Board of Education,* 137 Cal. 372, 70 Pac. 180.

The motion to dismiss is granted.

FRANKLIN and CUNNINGHAM, JJ., concur.