[Civil No. 1141.  Filed April 2, 1910.]

[108 Pac. 476.]

MARGARET ELLEN DEAN, Plaintiff and Appellant, **v.** THE TERRITORY OF ARIZONA, at the Relation and to the Use of JOHN D. WILLIAMS, as the Tax Collector of Said County, CHARLES W. MORRIS and ALICE HOPKINS MORRIS, the Wife of Said CHARLES W. MORRIS, Defendants and Appellees.

1. APPEAL AND ERROR—BOND—AMBIGUITY—VALIDITY.—An appeal bond, which did not properly describe the cause in which the orders complained of were made, and recited separate and distinct appeals from a judgment and from two orders, but which was conditioned that appellant should prosecute "her appeal" with effect, was invalid for

ambiguity, since it could not be determined which appeal the bond intended to secure.

2. SAME—SAME—NECESSITY.—A sufficient appeal bond is necessary to give the supreme court jurisdiction.

3. SAME—SAME—SUFFICIENCY—REVIEW.—Though no motion was made to dismiss appeals because of the insufficiency of the bond, the supreme court will decline to consider the case on its merits, since the question of the defects in the appeal bond may be raised upon rehearing.

APPEAL from a judgment of the District Court of the Fifth Judicial District, in and for Graham County. Ernest W. Lewis, Judge. Appeal dismissed.

The facts are stated in the opinion.

John McGowan, for Appellant.

Where service is constructive, suit must be in the true name of the defendant. *Proctor* v. *Nance,* 220 Mo. 104, 132 Am. St. Rep. 555, 119 S. W. 409. Where the judgment misdescribed the lands, and gave one lump sum against them all, it was contrary to our express statutes. Act 92 of 22d Legislature of Arizona, sec. 88. A tax suit is a special statutory proceeding, and every requirement of the statute must be strictly complied with. *Seaverns* v. *Costello,* 8 Ariz. 308, 71 Pac. 930; Black on Tax Titles, sec. 155.

Rawlins & Little, for Appellees.

The Code of Practice requires every action to be in the name of the real party in interest. Ariz. Rev. Stats. 1901, par. 1299. The court cannot permit a person to be substituted as plaintiff in place of the then plaintiff, on the ground that the person substituted was the real party in interest at the commencement of the action. *Dubbers* v. *Goux,* 51 Cal. 153. A complaint cannot be amended, so as to effect a complete change of parties plaintiff, since that amounts to a change of cause of action. *Clements* v. *Grenwell,* 40 Mo. App. 589; *Wilson* v. *Kiesel,* 9 Utah, 397, 35 Pac. 488; *Person* v. *Fidelity Co.,* 84 Fed. 759. The mere fact that there are two descriptions does not determine that there were more than a single piece or parcel of land within the meaning of the tax laws. *Dodge* v. *Emmons,* 34 Kan. 732, 9 Pac. 951.

PER CURIAM.—Appellant, as plaintiff below, filed an original and three amended complaints. The third amended complaint was, upon motion, stricken from the files. Thereupon a demurrer was presented to the second amended complaint, which was sustained, and, plaintiff declining to amend, judgment was rendered dismissing the action at her costs. Thereafter she moved for a correction of the judgment in some particulars, which motion was denied. Notice of appeal to this court was given "from the judgment of the court heretofore entered herein on the ninth day of October, A. D. 1909, and from the order of the court denying plaintiff's motion to correct the judgment." A bond on appeal was filed, which was conditioned as follows: "Whereas said plaintiff has appealed to the supreme court of the territory of Arizona from the order of said district court striking from the records thereof the plaintiff's third amended complaint; also from the order sustaining the demurrer to the second amended complaint, and has also appealed from the judgment rendered and entered on or about the ninth day of October, 1909, dismissing said cause and for costs against the plaintiff: Now, therefore, we, the said principal and said sureties, hereby undertake and promise that said appellant shall prosecute her said appeal with effect, and shall pay all costs which have accrued in said district court, or which may accrue in said supreme court."

Aside from the fact that the bond does not properly describe the cause in which the orders complained of were made, it is fatally defective because of uncertainty. It recites separate and distinct appeals from a judgment and from two orders, but obligates the principal and sureties to the payment of the costs but upon one, since it requires only that the appellant "shall prosecute her said appeal with effect." It is impossible to determine which of the appeals the bond is intended to secure. Because of its ambiguity, it is a nullity, and does not operate as an appeal bond. *Creek* v. *Bozeman Waterworks Co.,* 22 Mont. 327, 56 Pac. 362; *Washoe Copper Co.* v. *Hickey,* 23 Mont. 319, 58 Pac. 866; *Wallace* v. *McKinlay,* 6 Idaho, 95, 53 Pac. 104; *Corcoran* v. *Desmond,* 71 Cal. 100, 11 Pac. 815; *Centerville etc. Co.* v. *Bachtold,* 109 Cal. 111, 41 Pac. 813. A sufficient appeal bond is necessary to give this court jurisdiction. There not being such in this case, we

have no authority to review the judgment and orders of the district court. While no motion was made to dismiss the the appeals, we feel it our duty to decline to consider the case on its merits, since the question of the defects in the appeal bond may be raised upon rehearing. *Shattuck* v. *Costello,* 8 Ariz. 255, 71 Pac. 940.

The appeals are dismissed.

DOAN, CAMPBELL, and DOE, JJ., concur.