[Civil No. 4766. Filed October 8, 1945.]

[162 Pac. (2d) 430.]

CARRIE A. LOUNT, a Widow, Appellant, v. CHARLES L. STROUSS and LUCILLE STROUSS, Husband and Wife, Appellees.

Mrs. Carrie A. Lount, *In Propria Persona*.

Messrs. Snell, Strouss & Wilmer, for Appellees.

LaPRADE, J.—The immediate disposition of this appeal is called for by the motion of the appellees to dismiss the appeal on the ground that appellant has failed to file a cost bond on appeal as required by Sec. 21–1804, Arizona Code Annotated 1939. This motion was noticed for oral hearing on July 14, 1945. Appellees appeared to present and urge this motion. The appellant failed to appear and has made no response thereto.

The appellees in the lower court secured judgment against appellant quieting title in them to certain real estate. On August 7, 1944, appellant gave written notice of appeal, and filed an affidavit of inability to give cost bond as authorized by Sec. 21–1805. Within five days, to-wit, on August 11th, appellees filed and served a demand requiring proof of the facts stated in the affidavit of inability to give cost bond. On or about August 12th, the Honorable Howard C. Speakman, one of the judges presiding in the Superior Court of Maricopa County, Arizona, endorsed his approval on this affidavit authorizing the appellant to appeal without

giving a cost bond on appeal. No proof was made or hearing had of the facts stated in the affidavit of inability to give bond. The exact date on which Judge Speakman endorsed his approval does not appear on his order of approval. Apparently it was on the 12th day of August as more specifically appears from the proceedings thereafter had.

On the 21st day of November, 1944, Judge Speakman signed the following written order, which was on that day filed in the records of the case:

"On or about August 12, 1944, Hattie L. Mosher presented for approval to the undersigned, Howard C. Speakman, Judge of the Superior Court of Maricopa County, Arizona, Division No. 3, the Affidavit of Inability to Give Bond on Appeal in Cause No. 52870 executed by Carrie A. Lount on the 5th day of August, 1944, and filed with the Clerk of the Superior Court of Maricopa· County on the 7th day of August, 1944. On August 11, 1944, a Demand for Proof of the facts stated in said Affidavit of Inability to Give Bond on Appeal was filed. The fact that said Demand for Proof had been filed, or that the time for filing same had not expired, was concealed from and not made known to the undersigned, and no proof was made or hearing had·on the facts stated in said affidavit of Inability to Give Bond on Appeal; that the undersigned was without knowledge that the time had not expired for filing a demand for proof, or that a demand for proof had been filed, when the undersigned signed the order approving the affidavit of Inability to Give Bond and allowing Carrie A. Lount to appeal without bond, and said order was procured by concealment from and fraud on this court.

"The order signed on or about August 12, 1944, approving the Affidavit of Inability to Give Bond on Appeal executed by Carrie A. Lount August 5, 1944, and allowing Carrie A. Lount to appeal without bond is vacated and set aside."

We have repeatedly held that the "right of appeal is peculiarly a creature of statute, and appeals can be taken only in the time and manner provided by

law." *In re Sullivan's Estate*, 38 Ariz. 387, 300 Pac. 193, 194; *Smith* v. *Trott*, 36 Ariz. 166, 283 Pac. 726. In the case of *Town of Flagstaff* v. *Gomez*, 23 Ariz. 184, 202 Pac. 401, 403, 23 A. L. R. 661, we said:

"Except in cases where the appellant is not required by law to furnish bond, an appeal is taken by giving notice thereof and filing a bond within the proper time, and it is deemed perfected, and the jurisdiction of this court attaches only after both of these requirements have been complied with. Paragraphs 1234, 1236, and 1237, Revised Statutes 1913 (Civ. Code); *Thomas* v. *Speese*, 14 Ariz. 556, 132 Pac. 1137; *Inspiration Consolidated Copper Co.* v. *Mendez*, 19 Ariz. 151, 166 Pac. 278, 1183. The giving of the notice without pursuing the appeal to the extent of filing the bond when one is required confers on this court no jurisdiction to consider the merits, but only the power to enter an order of dismissal. *Dean* v. *Territory*, 13 Ariz. 152, 108 Pac. 476; *Young Construction Co.* v. *Ruth Gold Mines Co.*, 14 Ariz. 518, 131 Pac. 1045; *Rothlisberger* v. *Hamblin*, 15 Ariz. 274, 138 Pac. 14; *Town of Yuma* v. *Winn*, 17 Ariz. 92, 148 Pac. 286; *Consolidated School District* v. *Enge*, 17 Ariz. 559, 155 Pac. 301."

That portion in the holding of the Gomez case above that "The giving of the notice without pursuing the appeal to the extent of filing the bond when one is required confers on this court no jurisdiction to consider the merits, but only the power to enter an order of dismissal." is no longer the law in this state since the adoption of the new Rules Civil Procedure effective on and after January 1, 1940. Attention is directed to Rule 72, Sec. 21–1801, Arizona Code Annotated 1939, which provides an appeal is taken by notice filed with the superior court within sixty days from the entry of the judgment or order appealed from. Rule 73(a), Sec. 21–1802, reads as follows:

"When an appeal is permitted by law to the Supreme Court, a party may appeal by filing with the superior court, within the time prescribed in Rule 72 (§ 21–1801), a notice of appeal. Failure of the appellant to

take any of the further steps to secure the review of the judgment or order appealed from does not affect the validity of the appeal, but is ground only for such remedies, as are specified in this rule or, when no remedy is specified for such action as the Supreme Court deems appropriate, which may include dismissal of the appeal.''

In conformity with the interpretation of these rules as made by several of the United States Circuit Courts of Appeal (see *St. Marie et al.* v. *United States et al.*, 9 Cir., 108 Fed. (2d) 876; *Miller* v. *United States,* 7 Cir., 114 Fed. (2d) 267; *De Maurez* v. *Swope, Warden,* 9 Cir., 110 Fed. (2d) 564), we hold that an appeal is now perfected ''by filing with the superior court, within the time prescribed in Rule 72 (§ 21–1801), a notice of appeal.'' We now hold that Sec. 21–1807, which provides that ''the appeal is perfected when the notice is given and the bond is filed . . . ,'' has been superseded and is no longer effective. It is true that Sec. 21–1804, being Rule 73(c), provides that ''Whenever a bond for costs on appeal is required by law, the bond shall be filed with the notice of appeal. The bond shall be in the sum of two hundred and fifty dollars ($250), . . . .''

The failure to post a cost bond is covered by Rule 73(a) Sec. 21–1802, as follows:

''Failure of the appellant to take any of the further steps to secure the review of the judgment or order appealed from does not affect the validity of the appeal, but is ground only for such remedies as are specified in this rule or, when no remedy is specified, for such action as the Supreme Court deems appropriate, which may include dismissal of the appeal.''

We conclude that in view of Rule 73(c), Sec. 21–1804, no discretion is vested in the Supreme Court to waive the posting of a cost bond when the same shall have been demanded.

Attention is also directed to Rule 73(e), Sec. 21–1815, which reads as follows:

"If a bond on appeal or a supersedeas bond is not filed within the time specified, or if the bond filed is found insufficient, and if the action is not yet docketed with the Supreme Court, a bond may be filed at such time before the action is so docketed as may be fixed by the superior court. After the action is so docketed, application for leave to file a bond may be made only in the Supreme Court."

We are of the opinion that this section of the rule must be read in conjunction with Rule 73(c). While it is provided in Rule 73(c) that "the bond shall be filed with a notice of appeal," nevertheless it is specifically provided in Rule 73(e) that "If a bond on appeal . . . is not filed within the time specified, . . . and if the action is not yet docketed with the Supreme Court a bond may be filed at such time before the action is so docketed as may be fixed by the superior court. After the action is so docketed, application for leave to file a bond may be made only in the Supreme Court." This section lends support to our conclusion that the posting of a cost bond at the time of filing notice of appeal is no longer a jurisdictional requisite.

An appeal is perfected by complying with Rules 72, 73(a) and 73(b), Sec. 21–1803. Compliance with these three rules confers jurisdiction on the Supreme Court regardless of the fact that no cost bond has been filed.

Attention is now directed to Sec. 21–1805, Arizona Code Annotated 1939 (formerly Sec. 3665, Revised Code Annotated 1928, and still effective) as a rule of this court. This section enables an appellant to prosecute his appeal when he is unable to give bond. If this situation exists, the appellant must file "an affidavit stating that he is unable to give bond on appeal, and the reasons therefor." The section further provides that the opposite party may require proof of the facts stated, "and within ten (10) days after the service of such notice the party filing the affidavit shall appear before the judge of the superior court and make

proof of the facts stated in such affidavit, . . . ." The section further provides that "If the judge of the superior court finds the affidavit to be true he shall indorse thereon his approval of the same, otherwise his disapproval, and if disapproved it shall be wholly ineffectual to perfect such appeal." It thus appears that if the affidavit is approved by the judge of the superior court the affidavit and the approval thereof stand in lieu of a bond. Texas has a statute analogous to our section authorizing appeal where the appellant is unable to give a bond. It has there been held that where no proof of facts contained in affidavit of inability to furnish cost bond is made as required by the statute the court was without jurisdiction to consider the appeal. *Odem* v. *Forth Worth & D. C. R. Co.* (Tex. Civ. App. 1922), 241 S. W. 719; *Stark* v. *Dodd* (Tex. Civ. App. 1934), 76 S. W. (2d) 865.

The instant case was docketed in this court on October 13th. The order of Judge Speakman purporting to vacate his approval of the facts contained in the affidavit of inability to furnish a cost bond was not made until November 21st. Under the provisions of Rule 73(e), Sec. 21–1815, the superior court may at any time before the action is docketed in the Supreme Court approve the filing of a bond where none has been previously filed. Section 21–1805 requires an indigent appellant after demand to come forward, "and within ten (10) days after the service of such notice the party filing the affidavit shall appear before the judge of the superior court and make proof of the facts stated in such affidavit, and he shall be subject to examination by the opposite party, . . . ."

The following language appearing in *Buckley* v. *Thibodeaux et al.* (La. App. 1934), 156 So. 79, 81, is very apropos:

"By the granting of that order of appeal, the district judge dispossessed himself of his jurisdiction in

the case and it became impossible therefore for the adverse party in the cause, who is the plaintiff in this case, to traverse the truth of the claim of the applicants to prosecute this appeal under the provisions of the statute because of their poverty and want of means. It cannot be contended that this traverse could be conducted in this court, so, it may be asked, what becomes of the right to traverse that is given to the adverse party under the very terms of the statute? The law expressly grants him that right and he cannot thus be deprived of it.

. . . . . . . . . .

"All of these considerations have led us to the conclusion that the district judge was in error in granting the order of appeal to these defendants under the benefit of the statute, and the result is the same as if no order had been granted. An appeal without bond cannot be supported unless, as herein stated, the appellant had been relieved from the obligation by having exercised his privilege under the act at the proper time."

 We are not disposed at this time to express an opinion as to whether or not the trial judge had jurisdiction to make the order on November 21st purporting to vacate his former order of approval on the affidavit, when the appeal as heretofore pointed out had been perfected in this court on October 13th by the previous giving of the notice of appeal and causing the same to be docketed in this court; but, we do now hold that the trial court had no authority to endorse his approval on the affidavit where the affiant had not presented herself for examination, and no proof of the facts stated in the affidavit of inability was made or attempted. The appeal in this court has been made without bond or without an approved affidavit of inability to give one. Rule 73(c), Sec. 21–1804, requires the giving of bond. The motion to dismiss for failure to give bond has been seasonably made. The motion to dismiss was noticed for hearing and, as pointed out, the appellant made no appearance or response

thereto, nor has she petitioned this court for leave to file a bond in this court as contemplated in Rule 73(e), Sec. 21–1815. Accordingly the appeal is ordered dismissed.

STANFORD, C. J., and MORGAN, J., concur.