342 P.2d 195

Mildred Louise KNAPE and Arthur W. Knape, husband and wife, Appellants,

v.

Elizabeth A. BROWN, Isabel Rogers and Pearl Ware, as President, Vice-President and Secretary, respectively, of the Arizona State Board of Beauty Culturist Examiners, Appellees.

No. 6575.

Supreme Court of Arizona.

July 15, 1959.

Lovell B. Lieurance and Thos. J. Croaff, Jr., Phoenix, for appellants.

Robert Morrison, Atty. Gen., by Newman W. White, Asst. Atty. Gen., for appellees.

UDALL, Justice.

Mildred Louise Knape (plaintiff-appellant), made application to the Board of Beauty Culturist Examiners (defendants-appellees) for a certificate of registration entitling her to practice or operate a school or shop of beauty culture in accordance with the requirements of the Beauty Culture Act, A.R.S. Title 32, Chapter 5. The parties will hereafter be referred to as plaintiff and the Board, respectively.

After an examination, the Board refused to issue plaintiff a certificate of registration upon the ground that she had failed to receive a passing grade of seventy-five percent upon the examination. Thereafter the instant suit—which is in the nature of an appeal—was brought in the superior court to review said action of the Board. The complaint recites that it is brought under the Administrative Review Act, A. R.S. Title 12, Article 6, sections 12–901 et seq., and it is further alleged:

"* * *, the said Board, in grading the answers and responses of the Plaintiff, did arbitrarily, capriciously, prejudicially, and wrongfully and knowingly, and with the intent then and there to wrongfully deprive the Plaintiff of her right to practice beauty culture in Arizona, fail and refuse to give to said Plaintiff the credit due her in the grading of such examination and did, on the 19th day of June, 1956, inform her that she had failed the same, when in truth and in fact the Plaintiff had made and was entitled to a grade of more than 75%."

The Board filed an answer and a motion to dismiss the complaint upon the ground that the trial court lacked jurisdiction of the subject matter of the action. Specifically it was urged (a) that no appeal would lie under the Administrative Review Act, A.R.S. § 12–902, because plaintiff's exclusive remedy was to apply for review under the Beauty Culture Act, A.R.S. § 32–554, F and G, and (b) that the required appeal bond had not been furnished. After oral argument was had the Board's motion to dismiss was granted and a judgment of dismissal was entered. This timely appeal followed.

It is elemental that the right of appeal is one given litigants by statute, and exists only by force of statute, and this right is limited by the terms of the statute. See, State Tax Commission v. Miami Copper Co., 74 Ariz. 234, 246 P.2d 871; Ross v. Industrial Commission, 82 Ariz. 9, 307 P.2d 612, and the cases cited therein.

The correctness of the trial court's ruling in entering a judgment of dismissal

is the sole question presented for determination. If the matter is governed by the appeal provisions of the Beauty Culture Act, then manifestly the trial court's ruling was correct. Furthermore it appears plaintiff wholly failed to file a cost bond of $200 within thirty days, or at all, as is required by section 32–554F. The failure to file such a bond is considered jurisdictional. Cf. Shattuck v. Costello, 8 Ariz. 255, 71 P. 940; Dean v. Territory, 13 Ariz. 152, 108 P. 476; Lount v. Strouss, 63 Ariz. 323, 162 P.2d 430; 16 A.R.S. Rule 73(h), Rules of Civil Procedure.

Let us examine the pertinent statutes. The Beauty Culture Act, section 32–554, expressly provides:

"F. *An appeal may be taken from the action of the board to the superior court of the county in which the appealing party is a resident,* by filing with the clerk of the court, within thirty days from entry of the board's order, a bond in the penal sum of two hundred dollars, approved by the clerk of the court, to secure payment of the costs of appeal should the appeal be determined against him. The clerk shall thereupon notify the board of filing the bond, whereupon the board shall forward to the clerk the charges and a certified copy of its order. The clerk shall docket the charges and certified copy of the order as an action pending in court and the charges shall be treated as a complaint. The accused may plead to the charges and issues may be formed thereon as in civil actions, and the action shall be tried by the judge. * * *.

"G. *If the appeal is from refusal of the board to grant a certificate, it shall be heard and determined upon the application and certified copy of the order of refusal only, and the judge shall enter judgment that the certificate shall or shall not be issued.* Upon entry of the judgment the clerk of the court shall within two days thereafter transmit a certified copy thereof to the board. The county attorney shall represent the board in the appeal, *and if the court refuses a license, judgment shall be entered against applicant for costs."* (Emphasis supplied.)

Plaintiff contends that because the above statute does not specifically enumerate—as one of the grounds of appeal—the Board's refusal to give her a license for failing to make a passing grade, thereby she has the right to base her review in the superior court upon the Administrative Review Act. The argument is advanced that the purpose of the last named Act

"is to grant the right of appeal from administrative orders and decisions, and must be deemed *to complement those powers or acts previously enacted* which provide for judicial re-

view but do not provide for a definite procedure." (Emphasis supplied.)

This position appears to us to be wholly untenable as surely the legislature did not intend to permit a disgruntled applicant to jump from the one Act to the other. Moreover, it is a well recognized rule of statutory construction that where special provisions of a statute deal with the same subject as a general statute, the special provision prevails. Moeur v. Chiricahua Ranches Co., 48 Ariz. 226, 241, 61 P.2d 163.

It should be noted that the Administrative Review Act expressly limits the right of review thereunder to situations where no other relief is available. We quote:

> "Sec. 12–902. *Scope of article*
>
> "A. This article applies to and governs every action to review judicially a final decision of an administrative agency *except* the state department of public welfare, or *where the act creating or conferring power on an agency or a separate act provides for judicial review of the agency decisions and prescribes a definite procedure for the review."* (Emphasis supplied.)

The Beauty Culture Act, giving it a reasonable and logical construction, we believe provided a remedy of review for the plaintiff under the particular circumstances herein shown, as well as prescribing a definite procedure to follow. We hold

the learned trial court was therefore correct in dismissing the complaint.

Judgment affirmed.

PHELPS, C. J., and STRUCKMEYER, JOHNSON and BERNSTEIN, JJ., concur.