358 P.2d 168

**John R. MARQUEZ, by his Guardian ad litem, Malcolm L. Hillock, Appellant,**

v.

**RAPID HARVEST CO., a California corporation; and Joe Macias, Appellees.**

No. 7197.

Supreme Court of Arizona.

Dec. 30, 1960.

Udall & Udall, and Hillock & Hillock, Tucson, for appellant.

Darnell, Holesapple, McFall & Spaid, Tucson, for appellees.

BERNSTEIN, Justice.

The questions dealt with herein arose in connection with a motion to dismiss an appeal for want of jurisdiction. Specifically involved is the interpretation to be given 16 A.R.S., Rules of Civil Procedure, Rules 73(b) and 73(p).

The appeal was taken from an order denying a motion for new trial in an action where damages were sought by a guardian ad litem for personal injuries incurred when his minor plaintiff (hereinafter referred to as "appellant") was struck, while harvesting lettuce, by a truck driven by defendant (hereinafter referred to as "appellee"). Judgment was entered against appellant on April 7, 1960, and the order denying his motion for new trial was dated April 27, 1960. Thus, under A.R.S. Rule 73(b), appellant had 60 days from the latter date in which to take his appeal. Notice of the appeal was timely, as it was filed on June 24, 1960. However, no bond for costs on appeal was filed until July 5, 1960, approximately eight days after the expiration of the statutory period. Appellee then moved to dismiss the appeal, contending that Rule 73(b) requires that both the notice of appeal and the appeal bond be filed within the sixty-day period, and that both steps are prerequisites to this Court's jurisdiction. Appellant answered by denying that filing the bond within the statutory period was a jurisdictional requisite, and by adding that under Rule 73(p) he, as a minor plaintiff through his guardian ad litem, was exempt from filing a bond.

■ It is a rule of statutory interpretation that statutes must be interpreted in conformity with language used therein.[1] Mayberry v. Duncan, 68 Ariz. 281, 205 P.2d 364. Moreover, if the language of a statute is plain and unambiguous, and can be given but one meaning which does not lead to an impossibility or absurdity, the court will follow that meaning. Ernst v. Collins, 81 Ariz. 178, 302 P.2d 941; Garrison v. Luke, 52 Ariz. 50, 78 P.2d 1120; Avery v. Pima County, 7 Ariz. 26, 60 P. 702. The relevant portion of Rule 73(b) reads as follows:

"1. When an appeal is permitted by law to the supreme court, it shall be taken by notice filed with the superior court within sixty days from the entry of the judgment or order appealed from, unless a different time is pro-

---

1. Although the Supreme Court has inherent power to make rules relative to all procedural matters in any court, Ariz. Const. art. 6, § 5, subd. 5, as amended, 1960, A.R.S., Court rules, like statutes, must be construed in the light of the purpose for which they were adopted. State v. Coey, 82 Ariz. 133, 137, 309 P. 2d 260, 263; Collins v. Superior Court, 48 Ariz. 381, 62 P.2d 131; DeCamp v. Central Arizona Light & Power Co., 47 Ariz. 517, 57 P.2d 311.

vided by law, *and by filing within such time a bond for costs on appeal.*" (Emphasis supplied.)

We think the use of the conjunction "and" in the above language clearly indicates that the filing of notice and bond were to be parallel requirements.

In contending that Rule 73(b) does not make filing a bond jurisdictional, appellee relies primarily on Lount v. Strouss, 63 Ariz. 323, 162 P.2d 430. In the Lount case, this Court construed the 1939 Rules of Civil Procedure and concluded that filing a bond was *not* jurisdictional. This decision seems to have resolved uncertainty created by the separation of the basic requirements for taking an appeal into different sections of the Rules. Section 21–1801 of the 1939 Rules, provided that:

> "When an appeal is permitted by law to the Supreme Court, *it shall be taken by notice filed* with the superior court within sixty (60) days from the entry of the judgment or order appealed from, as provided by these rules." (Emphasis supplied.)

It is to be noted that section 21–1801 did not mention that a bond was to be filed within the statutory period. However, section 21–1804 provided that "whenever a bond for costs on appeal is required by law, the bond shall be filed with the notice of appeal." To clarify the meaning of this vague and incomplete language, the Court looked to section 21–1815, which provided that

> "If a bond on appeal * * * is not filed within the time specified, or if the bond filed is found insufficient, and if the action is not yet docketed with the Supreme Court, a bond may be filed at such time before the action is so docketed as may be fixed by the superior court. After the action is so docketed, application for leave to file a bond may be made only in the Supreme Court."

The Court found that the above section so weakened the absolute requirement of filing a cost bond within the statutory period that it declared "* * * the posting of a cost bond at the time of filing notice of appeal is no longer a jurisdictional requisite." Lount v. Strouss, supra, 63 Ariz. at page 328, 162 P.2d at page 432.

As we have earlier indicated, the uncertainty apparent in the 1939 rules does not exist in our present rules. Moreover, our present rules are virtually identical with the 1928 and 1913 provisions,[2] under

---

2. Revised Code of Arizona (1928), section 3664, Bond on Appeal: "The party appealing shall also within the time in which the appeal may be taken, file an appeal bond * * *."

Revised Statutes of Arizona (1913). Section 1236: "The party appealing shall also within the time in which the appeal may be taken file an appeal bond * * *."

Section 1237: "The appeal shall be deemed perfected when the notice is given and the bond * * * is filed."

**66**

which the filing of a bond was held to be jurisdictional. Town of Flagstaff v. Gomez, 23 Ariz. 184, 202 P. 401, 23 A.L.R. 661; Jackson v. Lebanon Reservoir & Ditch Co., 19 Ariz. 443, 171 P. 997. Where, as here, a statute which has been construed by a court of last resort, is re-enacted in substantially the same terms, the Legislature is presumed to have placed its approval on the judicial interpretation given, and made it part of the re-enacted statute. Madrigal v. Industrial Commission, 69 Ariz. 138, 210 P.2d 967.

Thus, the language of Rule 73(b) is not only clear and unambiguous in its own terms, but is substantially the same as that contained in the 1928 and 1913 statutes, and we therefore hold that it makes the filing of an appeal bond within the prescribed time period a prerequisite to this Court's jurisdiction.

■ Appellant next contends that even if the filing of an appeal bond is held to be a jurisdictional requisite, he is exempt from filing such a bond under Rule 73(p) which says "No bond shall be required for an appeal taken by * * * (a) guardian in his representative capacity." Appellee replies by asserting that a guardian ad litem is *not* a "guardian in his representative capacity". We disagree.

We find the language of Rule 73(p) plain in its meaning. Etymologists agree that "representative" means simply "one

who stands in the place of another" or "represents another in a special capacity" (Webster's International Dictionary, 2d Ed., Unabridged, p. 2114; Black's Law Dictionary, 3rd Ed. p. 1535). Accord, In re Hallstead's Estate, 338 Pa. 257, 12 A.2d 912. That the lower court, in appointing Malcolm L. Hillock guardian ad litem for John R. Marquez, intended Hillock to "represent" Marquez cannot be doubted:

"It appearing to the Court that plaintiff John R. Marquez is a person of the age of twenty years and that he has brought this action in his own name and that he *is not otherwise represented* in this action, and it appearing to the Court that it is proper that a Guardian Ad Litem be appointed for the proper protection of the interests of said John R. Marquez, now therefore,

"It is ordered that Malcolm L. Hillock be and he is hereby appointed Guardian Ad Litem for plaintiff John R. Marquez, and

"It is further ordered that all pleadings and process heretofore filed in this action be and they are hereby amended to show the action as being brought by plaintiff John R. Marquez by and through his Guardian Ad Litem Malcolm L. Hillock, and

"It is further ordered that this order shall be effective nunc pro tunc as of

the date of the filing of plaintiff's complaint." (Emphasis supplied.)

Not only are we compelled to construe Rule 73(p) in conformity with the language used therein, but appellee does not show that the guardian here proceeded in anything but a representative capacity.

Our construction is not a novel one. The Supreme Court of Texas, interpreting a similar provision has held that "A guardian ad litem, in this state, is always appointed by one of its courts, and derives his authority to act through such appointment alone." Schonfield v. Turner, Tex., 6 S.W. 628, 629; Accord, King v. Payne, 156 Tex. 105, 110, 292 S.W.2d 331, 335; Day v. Henderson, Tex.Civ.App., 224 S.W. 248, 249. Moreover, we cannot wholly ignore, as appellees would have us do, Silvas v. Arizona Copper Co., 220 F. 116, 117, wherein the Ninth Circuit Court of Appeals, in construing an Arizona statute, held that a guardian ad litem was exempt from filing a costs bond as a "guardian 'appointed under the laws' of the state." The Court there stated:

"Inasmuch as the purpose of the exception is to extend indulgence to infants or others under guardianship, it would seem that to effect its object a guardian ad litem should be included within its protection, and we so hold."

Appellee urges that "a 'guardian' in the real and true sense is one who legally has care and management of the person or estate of an incompetent or minor." This definition is based on A.R.S. § 14-801, which distinguishes between "general" and "special" guardians. The statute states that a " 'general guardian' means the guardian of the person or of all property of the ward within the state, or both," while " 'special guardian' means any guardian other than a general guardian." It is significant to note that Rule 73(p) does not refer to either a "general" or a "special" guardian but speaks only of the "guardian in his representative capacity." We think there is no basis for inferring that Rule 73(p) was intended to cover only "general guardians."

■ Nor do we think we are warranted in speculating as to whether only financially responsible individuals were to be exempted, as appellee contends. The intent of the enacting body must be found in the language of the statute. Isley v. School Dist. No. 2 of Maricopa County, 81 Ariz. 280, 305 P.2d 432; Automatic Registering Mach. Co. v. Pima County, 36 Ariz. 367, 285 P. 1034.

We hold that a guardian ad litem is a "guardian in his representative capacity" within the meaning of Rule 73(p) and as such, is exempted from filing a bond on appeal.

■ Appellee also argues that because the minor plaintiff was eighteen years old and married at the time the action was

commenced, the Court order appointing Malcolm L. Hillock his guardian ad litem was "surplusage" in view of A.R.S. § 25–212, which renders married persons eighteen years old or more *sui juris* for purposes of suit. This attack upon the court order appointing Malcolm L. Hillock as guardian ad litem was neither raised in the court below, nor was it adequately presented here, and hence will not be considered.

Appellee's motion to dismiss this appeal is denied.

STRUCKMEYER, C. J., and PHELPS, UDALL and JENNINGS, JJ., concur.