IN THE

# SUPREME COURT OF THE STATE OF ARIZONA

**BART M. SHEA, ET AL.,**
*Plaintiffs/Appellants,*

*v.*

**MARICOPA COUNTY, ET AL.,**
*Defendants/Appellees.*

No. CV-22-0187-PR
Filed May 3, 2023

Appeal from the Superior Court in Maricopa County
The Honorable Sally Schneider Duncan, Judge (Retired)
The Honorable Lisa Daniel Flores, Judge (Retired)
No. CV2018-053565
**REVERSED AND REMANDED**

Opinion of the Court of Appeals, Division One
253 Ariz. 286 (App. 2022)
**OPINION VACATED**

COUNSEL:

Christopher H. Bayley, Andrew M. Jacobs (argued), Emily Gildar Yaron, James G. Florentine, Snell & Wilmer L.L.P., Phoenix, Attorneys for Bart and Cheryl Shea

Rachel H. Mitchell, Maricopa County Attorney, Joseph J. Branco (argued), Wayne J. Peck, Deputy County Attorneys, Phoenix, Attorneys for Maricopa County, Maricopa County Board of Adjustments, and Maricopa County Planning and Development Department

JUSTICE LOPEZ authored the Opinion of the Court, in which VICE CHIEF JUSTICE TIMMER and JUSTICES BEENE and KING joined. JUSTICE BOLICK dissented. [*]

_____

JUSTICE LOPEZ, Opinion of the Court:

¶1 We consider the statutory jurisdictional requirements for judicial review of an administrative decision. We hold that A.R.S. § 12-904(A) does not preclude jurisdiction where a timely filing's substance (1) provides notice of the appeal; (2) identifies the decision being appealed; and (3) states the issues presented on appeal. Although the statute's requirements turn on substance, not form, to facilitate efficient handling of appeals and to provide notice to interested parties, we urge parties appealing administrative decisions to avoid potential jurisdictional pitfalls by following this Court's clear instructions in the Arizona Rules of Procedure for Judicial Review of Administrative Decisions ("JRAD") Rule 4(c) and JRAD Form 1.

## BACKGROUND

¶2 In 2017, Maricopa County's Planning and Development Department (the "Department") initiated proceedings against homeowners Bart and Cheryl Shea, alleging violations of several sections of the Maricopa County Zoning Ordinance for building certain structures on their property without proper permits. On December 12, 2017, the Department's hearing officer fined the Sheas, who timely appealed to the Department's Board of Adjustment (the "Board"). In February 2018, the Board affirmed the fine.

_____

[*] Chief Justice Brutinel and Justice Montgomery have recused themselves from this case.

¶3 On March 14, 2018, the Sheas filed a "Verified Complaint for Special Action" (the "complaint") in superior court, naming Maricopa County, the Board, and the Department (collectively, the "County") as defendants. In its factual and procedural background, the complaint alleged that "[o]n or about January 10, 2018, [the Sheas] appealed the hearing officer's decision to the [Board]" who "denied [their] appeal. Having been aggrieved by a decision made by the Board, [the Sheas] file this appeal pursuant to A.R.S. § 11-816(D)." Also, the complaint's background referenced "Departmental Report DR# V201601264," which is a code the Department used to label, identify, and locate all its documents arising from the Sheas' case, including emails, notices, hearing officer decisions, and Board meeting notes.

¶4 Count I of the complaint requested declaratory relief that "the Department's finding and ruling was not supported by fact or law," that "they owe no fines or penalties as set forth in the Department's December 12, 2017 [judgment]," and that "the Department's and County Attorney's actions were the result of improper retaliation." Counts II and III alleged procedural and substantive due process violations, respectively, and the complaint's prayer for relief also requested the court to grant declaratory relief and dismiss the citation or, alternatively, grant another hearing.

¶5 The complaint made several notable omissions. First, it did not state the date of the Board's decision affirming the hearing officer's judgment. Second, although a copy of the hearing officer's decision was attached to the complaint, a copy of the Board's decision was not. Third, the complaint was not titled as a "notice of appeal" and failed to cite A.R.S. § 11-816(B)(3), which permits judicial review of Board decisions according to Arizona's Administrative Review Act (the "Act").

¶6 Emphasizing these omissions and the complaint's excessive length, the County moved to dismiss the Sheas' complaint, arguing that the court lacked jurisdiction under two sections of the Act. *See* § 12-904(A) (requiring the filing of a "notice of appeal" that "identif[ies] the final administrative decision sought to be reviewed and include[s] a statement of the issues presented for review"); A.R.S. § 12-902(B) (barring judicial review of agency decisions "[u]nless review is sought . . . within the time and in the manner provided in [the Act]"). However, on August 2, 2018, the trial court denied the County's motion and granted leave for the Sheas

3

to file an amended complaint, reasoning that erroneous citations and mistitling alone are not of jurisdictional consequence.

¶7        On August 22, 2018, the Sheas filed their "First Amended Verified Complaint for Appeal of Administrative Action."        On September 14, 2018, the County filed an answer, alleging that the court lacked subject matter jurisdiction because the Sheas' complaint "violate[d] the requirements of . . . § 12-904, mandating dismissal pursuant to . . . § 12-902."    The County also asserted a counterclaim, seeking to enforce the fine imposed at the initial hearing.

¶8        On August 27, 2019, after a judicial reassignment, the trial court sua sponte ruled that it lacked subject matter jurisdiction.  The court reasoned that the Sheas' complaint failed to comply with § 12-904(A); thus, the Sheas failed to file a timely "notice of appeal."  Ultimately, on March 31, 2021, the court entered final judgment on the County's counterclaim.

¶9        In a split opinion, the court of appeals affirmed the trial court's dismissal and counterclaim judgment.  *Shea v. Maricopa Cnty.*, 253 Ariz. 286, 287 ¶ 1, 289–90 ¶ 14 (App. 2022).  The majority reasoned that because the Sheas' complaint erroneously cited § 11-816(D) for jurisdiction, only vaguely referenced the Board decision, and did not clearly identify the issues, the Sheas' complaint failed § 12-904(A)'s requirements, invoking § 12-902(B)'s jurisdictional bar.  *Id.*

¶10        We accepted review to settle a recurring issue of statewide importance: whether § 12-904(A) precludes jurisdiction for judicial review of a final administrative decision if a timely filing substantively, but not formally, (1) provides notice of the appeal; (2) identifies the decision being appealed; and (3) states the issues argued on appeal.  We have jurisdiction under article 6, section 5(3) of the Arizona Constitution.

## DISCUSSION

¶11        "Determining the procedure for review of administrative decisions involves the interpretation of rules and statutes, which [this Court] review[s] de novo." *Smith v. Ariz. Citizens Clean Elections Comm'n*, 212 Ariz. 407, 412 ¶ 18 (2006); *see Bolser Enters., Inc. v. Ariz. Registrar of Contractors*, 213 Ariz. 110, 112 ¶ 12 (App. 2006) (applying de novo review in

deciding whether the superior court properly dismissed a complaint for judicial review based on a lack of subject matter jurisdiction).

**I.**

**¶12** Section 11-816(B)(3) authorizes Board review of decisions made by hearing officers and directs that "[j]udicial review of the final decision by the [Board] shall be pursuant to [the Act]." Under the Act, because the statute is the sole source of jurisdiction, compliance with its strictures is mandatory. *Ariz. Comm'n of Agric. & Horticulture v. Jones*, 91 Ariz. 183, 187 (1962) ("We said of [the Act] that the right of appeal 'exists only by force of statute, and this right is limited by the terms of the statute.'" (quoting *Knape v. Brown*, 86 Ariz. 158, 159 (1959))). Compliance with court rules, however, including JRAD, is not determinative of jurisdiction. *See id.*

**¶13** Section 12-902(B), which falls under the Act, limits judicial review of administrative decisions as follows:

> Unless review is sought of an administrative decision **within the time and in the manner provided in this article**, the parties to the proceeding before the administrative agency **shall be barred from obtaining judicial review of the decision**.

*Id.* (emphasis added). Thus, according to the statute's terms, both the Act's "time" and "manner" requirements have jurisdictional import. *Id.*

**¶14** Section 12-904(A) of the Act imposes the following "manner" requirements:

> An action to review a final administrative decision shall be commenced by **filing a notice of appeal** within thirty-five days from the date when a copy of the decision sought to be reviewed is served upon the party affected . . . . **The notice of appeal shall identify the final administrative decision sought to be reviewed and include a statement of the issues presented for review.**

*Id.* (emphasis added). In other words, § 12-904(A) sets forth three jurisdictional requirements for judicial review of an administrative

decision: (1) the notice of appeal must be timely filed; (2) the notice of appeal must "identify the final administrative decision sought to be reviewed"; and (3) the notice of appeal must "include a statement of the issues presented for review."

## II.

¶15    Having established § 12-904(A)'s three jurisdictional requirements, we now consider whether the Sheas' complaint complied with the Act. We need not consider the Sheas' amended complaint, which was untimely as beyond the thirty-five-day deadline, because we conclude that the complaint satisfies § 12-904(A) requirements.

## A.

¶16    Our jurisprudence interpreting procedural rules, although not dispositive, informs our analysis. We have long held that, where no party is misled or prejudiced, non-statutory defects in a timely notice of appeal do not preclude jurisdiction. *Boydston v. Strole Dev. Co.*, 193 Ariz. 47, 50 ¶ 11 (1998) ("[E]ven if defective, a notice of appeal is sufficient if it is neither misleading nor prejudicial."); *Hanen v. Willis*, 102 Ariz. 6, 9 (1967) ("[W]hen adequate notice to appeal has been given to the other party, no mere technical error should prevent the appellate court from reaching the merits of the appeal."); *Sheppard v. Ariz. Bd. of Pardons & Paroles*, 111 Ariz. 587, 588 (1975) ("[T]his Court will consider any application 'which states sufficient facts to justify relief irrespective of its technical denomination.'" (quoting *State v. Superior Court*, 103 Ariz. 208, 210 (1968))). The policy animating this substance-over-form approach is our preference for decisions on the merits. *Hanen*, 102 Ariz. at 9; *see Webb v. State ex rel. Ariz. Bd. of Med. Exam'rs*, 194 Ariz. 117, 122 ¶ 25 (App. 1999) (noting the policy to interpret ambiguities regarding timing "in favor of preserving the right to appeal and against the forfeiture of that right upon a technicality").

¶17    Courts have also applied this harmless error standard to timely notice of claims containing technical defects under agency regulations. *Epperson v. Indus. Comm'n*, 26 Ariz. App. 467, 472 (1976) (holding that despite "insufficient service under Rule 58, Rules of Procedure of the Industrial Commission of Arizona[,]" the court would "decline to attach any legal significance to the omission" given the lack of "any prejudice . . . as a result of this faulty service").

¶18          In sum, when applying our rules, we favor decisions on the merits and treat non-prejudicial, non-misleading defects in a timely notice of appeal as not jurisdictional unless the plain meaning of a statute bars jurisdiction. We see no reason not to apply this policy in the administrative appeal context. Accordingly, we now determine whether the plain meaning of § 12-904(A) bars jurisdiction here.

**B.**

¶19          We first interpret § 12-904(A)'s requirement of filing a "notice of appeal." In interpreting statutes, we turn first to the text because unambiguous text is dispositive. *State ex rel. Brnovich v. City of Phx.*, 249 Ariz. 239, 244 ¶ 21 (2020). However, where more than one reasonable interpretation is possible, "we consider secondary interpretation methods, including consideration of the statute's 'subject matter, its historical background, its effect[s] and consequences, and its spirit and purpose.'" *State v. Burbey*, 243 Ariz. 145, 147 ¶ 7 (2017) (quoting *State ex rel. Polk v. Campbell*, 239 Ariz. 405, 406 ¶ 5 (2016)).

¶20          The County asserts that the Sheas' complaint titled "Verified Complaint for Special Action" is not a "notice of appeal" under § 12-902(A) because the legislature intended "notice of appeal" to be a term of art confined to a conventional standard form notice of appeal. We are unpersuaded. As the County effectively conceded at oral argument, the Act does not define "notice of appeal," and the term's plain meaning broadly encompasses any "document filed with a court and served on the other parties" that "stat[es] an intention to appeal a trial court's judgment or order." *Notice of Appeal*, Black's Law Dictionary (11th ed. 2019). Special formatting, titling, and citations are not required. *See id.*; *see also State v. Good*, 9 Ariz. App. 388, 392 (1969) ("The object of a notice of appeal is to advise the opposite party that an appeal has been taken from a specific judgment in a specific case."). This meaning aligns with our preference to "look to substance rather than to form" when interpreting procedural devices. *See, e.g.*, *Rodriquez v. Williams*, 104 Ariz. 280, 283 (1969). Applying the plain meaning of "notice of appeal" is also consistent with A.R.S. § 1-211(B)'s directive that "[s]tatutes shall be liberally construed to effect their objects and to promote justice."

¶21 Because § 12-904(A)'s plain meaning is clear, the statute is unambiguous; however, even if § 12-904(A) is ambiguous, the following secondary interpretive devices affirm the interpretation set forth above. First, legislative history, as evinced by the evolution of the statutory language, also supports this meaning of "notice of appeal." In 2012, the legislature amended § 12-904, replacing "complaint" with "notice of appeal" as the pleading commencing a statutory appeal. 2012 Ariz. Sess. Laws ch. 322, § 3 (2d Reg. Sess.). The amendment's purpose in substituting "notice of appeal" for "complaint" was to change the procedural nature of the review process from complaint to appeal—not to implement a heightened jurisdictional hurdle through technical formatting requirements. *See id.* On this point, the court of appeals' majority and dissent agreed that mistitling alone "does not necessarily create a jurisdictional bar." *Shea*, 253 Ariz. at 290 ¶ 17, 293 ¶ 28. If the legislature intended to incorporate a more restrictive term of art for "notice of appeal," it would have done so. *See*, *e.g.*, A.R.S. § 19-201.01 (expressly mandating "strict compliance" in the election recall context to preclude lenient court interpretation). Indeed, the legislature has mandated a specific form for referenda, *see* A.R.S. § 19-101(A), but it imposed no such form requirement for "notice of appeal."

¶22 Our procedural rules governing administrative appeals further support an expansive meaning of "notice of appeal." Under JRAD Rule 4(c), the "[c]ontent of the Notice of Appeal" must include the following: (1) "the caption of the case and the administrative agency case number"; (2) the appealing party's identity; (3) "the final administrative decision from which the party is appealing, including the date of that decision"; (4) "the findings and decision or part of the findings and decision sought to be reviewed"; and (5) "the issues presented for review." JRAD Rule 4(c)(1)–(5). These requirements are plainly intended to provide adequate notice of the intent to appeal and to identify the decision to be appealed, the very purpose embodied in the plain meaning of "notice of appeal."

¶23 The County warns that construing the Sheas' misstyled complaint as a notice of appeal would license the trial court to adjudicate the administrative appeal under different procedural rules. The County exaggerates this risk. We are unpersuaded that a mislabeled filing initiating an appeal of an administrative decision would prompt a court to overlook the substance of the matter and forego applying the requisite JRAD

procedures. In fact, the County conceded in the court of appeals and at oral argument here that *it* was not misled by the Sheas' mistitled filing. Even if a trial court were to make this unlikely procedural *faux pas*, we are confident that the state party would call the court's attention to the JRAD procedures.

## C.

**¶24** Given our construction of § 12-904(A), we conclude that the Sheas' complaint constitutes a "notice of appeal" because it comports with the plain meaning of the term—it is a "document" that "[gave notice of] an intention to appeal" and was "filed with [the appellate] court and served on the [opposing] part[y]." *Notice of Appeal*, Black's Law Dictionary (11th ed. 2019). The "complaint" effected notice by listing the agency case number, identifying the parties, and stating that the Sheas filed their appeal "[h]aving been aggrieved by a decision made by the Board." Although the deficiencies in the "complaint" exceed those in many cases that leniently interpreted court rules governing jurisdiction, *see, e.g.*, *Boydston*, 193 Ariz. at 50 ¶ 14 (holding as curable a non-lawyer's signature on a corporation's notice of appeal), the flaws here are mere technicalities given that the "complaint" included nearly all of JRAD Rule 4(c)'s required content and effected non-prejudicial, non-misleading notice to the County.

**¶25** We reject the County's assertion that it was "prejudiced" by the excessive length and inartful wording of the "complaint." Mere inconvenience in reviewing the Sheas' "complaint" does not warrant dismissal of the appeal because the filing did not mislead or otherwise compromise the County's litigation position. *Cf. Hill v. City of Phx.*, 193 Ariz. 570, 573 ¶ 14 (1999) (finding no prejudice where the notice of appeal omitted certain defendant names but all defendants "received the notice and . . . knowingly participated in . . . proceedings pertaining directly to the appeal").

## D.

**¶26** We next interpret § 12-904(A)'s second requirement to "identify the final administrative decision sought to be reviewed." The statute does not define "identify." In the legal context, "identify" means "[t]o prove the identity of (a person or thing)." *Identify*, Black's Law Dictionary (11th ed. 2019). The plain meaning of "identify" aligns with its legal definition. Common synonyms of "identify" include to "distinguish,"

to "pinpoint," and to "single (out)." *Identify*, Merriam-Webster, https://www.merriam-webster.com/dictionary/identify (last visited Apr. 26, 2023).

¶27        Here, the "complaint" sufficiently identified the final administrative decision being appealed by pinpointing—albeit indirectly—the Board's decision. The "complaint" attributed the Sheas' "grievance" to the Board's decision, provided the agency's internal case number identifying all the Department's documents pertaining to the case, including the Board's decision, and noted the case's procedural history. The Sheas' "complaint," construed as a notice of appeal, also met this requirement.

### E.

¶28        Last, we turn to § 12-904(A)'s command to "include a statement of the issues." The statute does not define "statement of the issues." However, § 12-904(A)'s last sentence explains that "[t]he statement of an issue presented for review is deemed to include every subsidiary issue fairly comprised in the statement," suggesting a broad construction of the "statement of the issues."

¶29        Here, the Sheas' "complaint" included a statement of the issues by alleging an inadequate factual basis for the hearing officer's judgment and procedural and substantive due process violations. Although the Sheas did not list these claims under a "statement of issues" heading, the statute does not mandate a specific format. This requirement too is satisfied.

### III.

¶30        The dissent contends that the statute compels the "harsh result" of dismissing the Sheas' appeal because they commenced their appellate review of the Board's decision by filing a document titled "complaint" rather than a "notice of appeal" even though the Board received notice of the appeal. *Infra* ¶¶ 32, 39. We disagree. The Sheas' "complaint," which we construe as a "notice of appeal" for the reasons discussed, Part II ¶¶ 19–23, contains the statutorily required elements in every respect but its title. Because the Sheas' mistitling of their filing did not transform the nature of the judicial review of their administrative

appeal from an appellate to special action proceeding, and because the Sheas' "complaint" merely served to notify the Board of the Sheas' intent to appeal, the statute does not require what the dissent characterizes as a "harsh result."

**CONCLUSION**

¶**31**        We hold that A.R.S. § 12-904(A) does not preclude jurisdiction where a timely filing's substance (1) provides notice of the appeal; (2) identifies the decision being appealed; and (3) states the issues argued on appeal.  Because the Sheas' "complaint" complies with these statutory requirements, we reverse the trial court's judgment, vacate the court of appeals' opinion, and remand to the trial court for further proceedings consistent with this opinion.

BOLICK, J., dissenting:

**¶32** I agree with my colleagues that the Sheas placed the Board on notice that they were appealing its determinations. However, I agree with the court of appeals majority that in creating an opportunity for appeal, the legislature decreed the basic manner by which such appeals would take place, and the Sheas failed to comply. Although in a case like this I would prefer to emphasize substance over form, I conclude the legislature limited our authority to do so.

**¶33** "Appeal being a statutory privilege, jurisdictional requirements prescribed by statute must be strictly complied with to achieve entrance to appellate review." *Ariz. Dep't of Econ. Sec. v. Holland*, 120 Ariz. 371, 373 (App. 1978). The opening sentence of A.R.S. § 12-902(B) is both categorical and unquestionably jurisdictional: "Unless review is sought of an administrative decision within the time and in the manner provided in this article, the parties to the proceeding before the administrative agency shall be barred from obtaining judicial review of the decision." § 12-902(B). So, the case comes down to what the term "manner" means in this context.

**¶34** In general use, "manner" encompasses "a characteristic or customary mode of acting" or "a mode of procedure." *Manner*, Merriam-Webster, https://www.merriam-webster.com/dictionary/manner (last visited Apr. 26, 2023). The legislature prescribed the manner of filing an appeal in A.R.S. § 12-904(A), which begins with the command: "An action to review a final administrative decision shall be commenced by filing a notice of appeal . . . ." We have consistently held that the word "shall" is mandatory. *See Garcia v. Butler in & for Pima Cnty.*, 251 Ariz. 191, 195 ¶ 15 (2021); *State ex rel. Brnovich v. Ariz. Bd. of Regents*, 250 Ariz. 127, 132 ¶ 19 (2020).

**¶35** The Section then goes on to specify the contents of the "notice of appeal." § 12-904(B)(1)–(5). My colleagues focus on the fact that, over two tries, the Sheas mostly satisfied those content requirements, at least sufficiently enough to accomplish their obvious purpose of placing the Board on notice of the action. *Supra* ¶ 24. But the Sheas did not comply with the threshold requirement of § 12-904(A) by "filing a notice of appeal," and instead filed a "complaint for special action." As we have held, substantial compliance with content requirements does not excuse noncompliance

12

with time and substance requirements. *See, e.g.*, *Legacy Found. Action Fund v. Citizens Clean Elections Comm'n*, 243 Ariz. 404, 406 ¶ 8 (2018) (holding that failure to fulfill the § 12-904(A) requirements "deprives the court of jurisdiction to hear the appeal"); *Falcon ex rel. Sandoval v. Maricopa Cnty.*, 213 Ariz. 525, 527 ¶ 10 (2006) ("If a notice of claim is not properly filed within the statutory time limit, a plaintiff's claim is barred by statute. Actual notice and substantial compliance do not excuse failure to comply with the statutory requirements . . . ." (internal citation omitted)).

**¶36** Here, the statutory history strongly indicates that the legislature was not simply describing a generic legal pleading when it specified a notice of appeal. Prior to 2013, § 12-904 provided that an action to review a final administrative decision "shall be commenced by filing a complaint." 2012 Ariz. Sess. Laws ch. 322, § 3 (2d Reg. Sess.). That year, the term complaint was substituted with "notice of appeal" in subsections A, B, and B(5), *id.*; and indeed, the term is now used four times in the statute.[1] When the legislature amends a statute, we must treat the change as meaningful. *See, e.g.*, *Pinal Vista Props., LLC v. Turnbull*, 208 Ariz. 188, 190 ¶ 10 (App. 2004) (noting that "each word or phrase of a statute must be given meaning so that no part is rendered void, superfluous, contradictory or insignificant."); *State v. Harm*, 236 Ariz. 402, 407 ¶ 19 (App. 2015) (stating that "when the legislature chooses different words within a statutory scheme, we presume those distinctions are meaningful and evidence an intent to give a different meaning and consequence to the alternate language."); *see also Shea v. Maricopa Cnty.*, 253 Ariz. 286, 231¶ 18 (App. 2022).

**¶37** Whatever the law means by a notice of appeal, and whatever is necessary or sufficient by way of its contents, a complaint for special action is not an appeal. The two actions are conceptually distinct, and each has its own procedural rules and requirements. *Compare* Ariz. R.P. Spec. Act. 4., *with* § 12-904(A); *see also Arizonans for Second Chances v. Hobbs*, 249 Ariz. 396, 426–27 ¶¶ 120–22 (2020) (Bolick, J., dissenting) (setting forth the requirements for a special action). Indeed, our rules provide that special action will not lie where there is an equally plain, speedy, and adequate

---

[1] That same year, the legislature amended § 12-914(A) to provide that JRAD shall apply to claims made under the article. The term "notice of appeal" appears in the headings of literally all six subsections of the pertinent rule, JRAD Rule 4.

remedy by appeal, Ariz. R.P. Spec. Act. 1(a), so it would be highly anomalous to allow a special action to substitute for an appeal that is prescribed by law. Given that the differences between appeals and special actions preexisted the statutory change, we must credit the legislature's act in choosing one over the other.

¶38 I agree with my colleagues that this legislative choice can make administrative appeals difficult for the unwary. Likely that is why our rules provide a handy template for properly filing an appeal, titled "Notice of Appeal of Administrative Decision." JRAD Rule 4; JRAD Form 1. Even without the template, the statutes spell out what is required and point to our rules, which could not be clearer that a notice of appeal is required.

¶39 And dismissal of the appeal (or, in this case, the special action) is certainly a harsh result. But so long as the legislature acts within its constitutional authority and complies with due process requirements, it gets to mandate harsh results if it chooses. The legislature could not have tailored harsh-consequences language more plainly than when it decreed that "[u]nless review is sought . . . in the manner provided . . . , the parties . . . shall be barred from obtaining judicial review of the decision." § 12-902(B). Whatever misgivings we may have, our job is to apply that statutory dictate.

¶40 For the foregoing reasons, and with great respect to my colleagues, I dissent.